UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

GEORGE MIKEY BAILEY and JEROME : 
BAILEY, :
               :
      Plaintiffs, :
               :
  -against- :
               :
ERIC H. HOLDER, JR., Attorney General of : 
the United States; JEH JOHNSON, Secretary :
Department of Homeland Security; LORI L. :
SCIALABBA, Acting Director Citizenship & :
Immigration Services; NIEVES CARDINALE, :
Field Office Director, U.S. Citizenship and :
Immigration Services; and THOMAS M. :
CIOPPA, Director Vermont Service Center :
U.S. Citizenship and Immigration Services, :
               :
      Defendants. :
               :

-------------------------------------------------------------X

13 Civ. 5016 (PAC)

**ORDER AND OPINION**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9-25-14

HONORABLE PAUL A. CROTTY, United States District Judge:

   Plaintiffs George and Jerome Bailey (collectively, "Plaintiffs") bring this action

against defendants Eric H. Holder, Jr., Attorney General of the United States; Jeh Johnson,

Secretary of the U.S. Department of Homeland Security; Lori L. Scialabba, Acting Director of

the U.S. Citizenship & Immigration Services ("USCIS"); Nieves Cardinale, Field Office Director

of the USCIS in Mount Laurel, New Jersey; and Thomas M. Cioppa, Acting Director of the

USCIS Vermont Service Center (collectively, "Defendants").[1]

---

[1] Pursuant to Fed. R. Civ. P. 25(d), the following individuals are substituted as defendants in this action: Secretary of
the U.S. Department of Homeland Security ("DHS") Jeh Johnson is substituted for former Secretary of DHS Janet
Napolitano; Acting Director of U.S. Citizenship and Immigration Services ("USCIS") Lori L. Scialabba is

1

For the last quarter century, Plaintiff George Bailey has been trying to get an immigrant visa and permanent resident status for his son, Plaintiff Jerome Bailey. Plaintiffs' multiple petitions have been denied by USCIS and the Board of Immigration Appeals ("BIA"). Plaintiffs' current action centers on the BIA's refusal to reopen or reconsider a visa petition Plaintiffs first made in 1978, as well as additional related petitions and subsequent refusals.

On July 18, 2013, Plaintiffs commenced this action under the Administrative Procedure Act ("APA"), alleging that various decisions by USCIS and the BIA were "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." Compl. ¶ 30; see 5 U.S.C. § 706(2)(A). Plaintiffs request the Court to set aside the immigration decisions and order the re-adjudication of their visa petitions.

On March 21, 2014, Defendants moved for summary judgment regarding the BIA's refusal to reopen or reconsider Plaintiffs' 1978 petition and moved to dismiss the remainder of Plaintiffs' claims. Defendants' motions for partial dismissal and partial summary judgment are GRANTED.

## BACKGROUND

### I.     The Plaintiffs

The parties do not dispute the following factual background.

Plaintiff George Bailey is a naturalized United States citizen; Plaintiff Jerome Bailey is his son. Jerome Bailey was born in Trinidad & Tobago on July 20, 1962 and he is a citizen of that country. Critical to this case is the fact that Jerome's parents were not married when he was born.

---

substituted for former Director of USCIS Alejandro Mayorkas; and Acting Director of the USCIS Vermont Service Center ("VSC") Thomas M. Cioppa is substituted for former Director of the VSC Daniel Renaud.

## II.     Prior Immigration Proceedings

### (a) Plaintiffs' 1978 I-130 Petition

On March 15, 1978, George Bailey filed an I-130 Petition for an alien relative ("1978 I-130") with the Immigration and Naturalization Service ("INS")—now known as USCIS—on behalf of his son, Jerome. Compl. ¶ 15. The petition sought an immigrant visa for Jerome as the "unmarried son[] or daughter[] of citizen [George Bailey]." *See* 8 U.S.C. § 1153(a)(1).

Seven years later, on January 2, 1985, the INS denied Plaintiffs' 1978 I-130 petition for two reasons: (a) George Bailey failed to prove he was the father of Jerome Bailey; and (b) George Bailey failed to show he legitimated Jerome under Trinidadian law. USCIS 00209-11.[2] On December 10, 1986, the BIA affirmed the INS's decision. Under Trinidadian law as of the date of the I-130 petition, since Jerome's parents were not married when he was born, he was not "fully qualified" as the legitimate child of George Bailey and was therefore ineligible for an I-130 visa. USCIS 00197-99; *see* 8 U.S.C. § 1153(a)(1).

### (b) Plaintiffs' 2003 I-130 Petition and 2010 I-485 Adjustment Petition

On August 5, 2003, George Bailey filed another I-130 family visa ("2003 I-130") on behalf of Jerome Bailey and USCIS approved it on June 19, 2007.[3] Compl. ¶ 19. Based on that approval, in August 2010 Jerome Bailey filed for an I-485 adjustment to permanent resident

---

[2] Citations marked "USCIS ____" refer to documents in the administrative record submitted to the Court by Defendants on February 27, 2014.

[3] Some confusion exists as to why Plaintiffs' 2003 I-130 petition was approved when their 1978 I-130 petition was rejected. Defendants claim both 1-130 petitions were filed under different provisions. The record does not, however, support this claim. *Compare* USCIS 00330 *with* USCIS 00210 (indicating that both petitions were filed under I.N.A. § 203(a)(1)). The discrepancy is not relevant because, as detailed below, Plaintiffs' 2003 I-130 petition could not be used to adjust Jerome Bailey's status in the country as it was granted after the April 30, 2001 deadline. *See* I.N.A. § 245(i).

status, pursuant to § 245(a) of the Immigration and Nationality Act ("I.N.A."). *Id.* at ¶ 20.

On March 14, 2011, USCIS denied Plaintiffs' I-485 adjustment for two reasons. First, I.N.A. § 245(c) rendered Jerome Bailey ineligible for a status adjustment because he had unlawfully resided in the country since the expiration of his tourist visa in January 2003. USCIS 00239 ("Section 245 (c) expressly bars this particular type of adjustment when the applicant has not continuously maintained a lawful status."). Second, Plaintiffs' 2003 I-130 exceeded the April 30, 2001 deadline for I-185 adjustments imposed by I.N.A. § 245(i). USCIS 00240. USCIS also noted that Plaintiffs could not use the 1978 I-130 petition as a qualifying petition because, although it was filed before the April 30, 2001 deadline, the BIA's denial of Plaintiffs' appeal in 1986 meant their petition was not "approvable when filed." *Id*; *see* 8 C.F.R. § 245.10(a)(1)(i)(A).

### (c) Plaintiffs' Motion to Reopen and Reconsider the BIA's denial of the 1978 I-130 Petition

Given USCIS's rationale, Plaintiffs sought to overturn the BIA's 1986 denial of their 1978 I-130 petition so that it could be used as a qualifying petition to secure an I-485 adjustment under I.N.A. § 245(i). Compl. ¶ 21. On April 14, 2011, Plaintiffs filed a motion to reopen and reconsider their 1978 I-130 petition with the BIA. *Id.* Plaintiffs' principal contention centered on the passing of the Status of Children Act 1981 (enacted on March 3, 1983) in Trinidad & Tobago, which retroactively eliminated all distinctions between legitimate and illegitimate children. Plaintiffs claimed that this legitimated Jerome Bailey under Trinidadian law and that their 1978 I-130 petition could therefore be used as a qualifying petition to secure the I-485 adjustment. *Id.* at ¶¶ 21-22.

On July 18, 2012, the BIA determined that Plaintiffs' motions to reopen and reconsider the 1978 I-130 petition were untimely. USCIS 00005. Furthermore, the BIA refused to grant

Plaintiffs' motions *sua sponte*. *Id*. In applying one of its previous holdings interpreting the Trinidadian Status of Children Act, the BIA ruled that since the change in Trinidadian law occurred after Jerome Bailey turned 18 years, he remained illegitimate under US law for the purposes of an I-130 petition. *Id*; *see Matter of Patrick*, 19 I&N Dec. 726, 729 (BIA 1988) ("The dispositive factor was that the acts eliminating all legal distinctions between legitimate and illegitimate children had occurred before the beneficiary had reached the age of 18 years.").

### III.    Present Proceedings

Plaintiffs challenge three decisions under section 706(2)(A) of the APA: (a) the BIA's refusal to reopen or reconsider the 1978 I-130 petition; (b) the BIA's refusal to consider Plaintiffs' petition *sua sponte*; and (c) USCIS's denial of the I-485 status adjustment. Plaintiffs also allege a violation of their Fifth Amendment due process rights.

Defendants move for summary judgment, pursuant to Fed. R. Civ. P. 56(a), regarding the BIA's refusal to reopen or reconsider Plaintiffs' 1978 I-130 petition. Next, Defendants move to dismiss the BIA's refusal to consider Plaintiffs' petition *sua sponte* for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). Finally, Defendants move to dismiss USCIS's denial of Plaintiffs' I-485 status adjustment and Plaintiffs' due process claim for failure to state a claim under Fed R. Civ. P 12(b)(6).

### DISCUSSION

### I.    The BIA's refusal to Reopen or Reconsider Plaintiffs' 1978 I-130 Petition

### (a) Standard of Review for Summary Judgment

Summary judgment may be granted when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict

for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). Furthermore, summary judgment is appropriate if "the nonmoving party 'has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof.'" *Berger v. U.S.,* 87 F.3d 60, 65 (2d Cir. 1996) (quoting *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986)). Neither party disputes the facts here; the issue before the Court is solely a question of law. Summary judgment is, therefore, the appropriate method of reviewing the BIA's decision not to reopen or reconsider Plaintiffs' 1978 I-130 petition.

The Court is also bound by the standard applicable to reviewing a final agency decision under section 706(2)(A) of the APA.[4] In order for the Court to set aside an agency's decision, the decision must be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

**(b) The BIA correctly refused to Reopen or Reconsider Plaintiffs' 1978 I-130 Petition because it was untimely**

In April 2011, Plaintiffs moved to reopen and reconsider the BIA's 1986 denial of the 1978 I-130 petition. The BIA denied both motions as untimely. Motions to reconsider must be made within 30 days, 8 C.F.R. § 1003.2(b)(2), and motions to reopen must be made within 90 days, 8 C.F.R. §1003.2(c)(2). Plaintiffs' filing, almost 25 years later, clearly fell outside those deadlines.

Plaintiffs contend that the 8 C.F.R. § 1003.2 deadlines apply only to deportation, exclusion, and removal proceedings, but not to visa proceedings. Therefore, Plaintiffs argue that the BIA should not have applied these deadlines. While these provisions certainly apply to

---

[4] The Court accepts that the BIA's denial of Plaintiffs' 1978 I-130 petition on December 10, 1986 was a final decision for the purposes of APA review. *See* 5 U.S.C. § 704. The Court exercises jurisdiction over Plaintiffs' APA claims pursuant to 28 U.S.C. § 1331.

deportation and exclusion proceedings, nothing precludes their application to other immigration proceedings as well. This is especially so because 8 C.F.R. § 1003.2 provides that the BIA can reopen or reconsider "any case in which it has rende red a decision." The application of the § 1003.2 deadlines to Plaintiffs' visa petition is not arbitrary, capricious, an abuse of discretion, nor otherwise not in accordance with law. Since the Court's inquiry is thereby limited under section 706(2)(A) of the APA, the Court will not set aside the BIA's decision.[5]

Next, Plaintiffs argue that even if 8 C.F.R. § 1003.2's deadlines are applicable, the limitation periods should be equitably tolled. Again, under the APA, the BIA's refusal to toll the limitation periods must have been "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" in order for the Court to grant relief to Plaintiffs. 5 U.S.C. § 706(2)(A).

The BIA has refused to grant equitable tolling to petitioners who alleged significant legal obstacles. *See Wang v. B.I.A.*, 508 F.3d 710 (2d Cir. 2007) (ruling that the BIA did not abuse its discretion in refusing to equitably toll the limitation period for a motion to reopen based on a claim of ineffective assistance of counsel); *see also Luna v. Holder*, 637 F.3d 85 (2d Cir. 2011) (rejecting a claim for equitable tolling based on government interference and ineffective assistance of counsel). Here, Plaintiffs do not suggest any legal obstacle to explain their delay in filing; rather, Plaintiffs simply state they became recently aggrieved when USCIS determined that their 1978 I-130 petition was not a qualifying petition for an I-485 adjustment. Compl. ¶ 21. Moreover, Plaintiffs also failed to show that they exercised reasonable diligence in pursuing the matter. *See Johnson v. Nyack Hosp.*, 86 F.3d 8, 12 (2d Cir. 1996) ("Equitable tolling requires a party to pass with reasonable diligence through the period it seeks to have tolled."). Therefore,

---

[5] Even if the Court determined that the BIA's reliance on the statutory deadlines was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," it would not alter the outcome because after declining to grant the motions on the grounds of timeliness, the BIA also declined to grant the motions *sua sponte*.

the Court will not set aside the BIA's decision refusing to equitably toll Plaintiffs' deadlines.

Defendants' motion for partial summary judgment is GRANTED.[6]

## II.      The BIA's refusal to grant Plaintiffs' 1978 I-130 Petition *sua sponte*

Defendants next move to dismiss Plaintiffs' challenge of the BIA's refusal to grant their 1978 I-130 petition *sua sponte* for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). Under Rule 12(b)(1), Plaintiffs must establish subject matter jurisdiction by a preponderance of the evidence. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

Plaintiffs claim the BIA declined to grant their motion *sua sponte* under 8 C.F.R. § 1003.2(a) based on an erroneous application of case law. Compl. ¶ 27. But this argument hardly establishes that the Court has jurisdiction to review a discretionary act of the BIA. The Second Circuit has determined in a nearly identical case whether it had jurisdiction to review the BIA's decision not to exercise its *sua sponte* authority to reopen a removal proceeding. *Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir. 2006) (ruling that whether the BIA reopens a case *sua sponte* is "entirely discretionary" and non-reviewable). Although the Second Circuit in *Ali* was considering the BIA's *sua sponte* authority to reopen removal proceedings, the BIA's *sua sponte* authority to reopen any type of proceeding emanates from § 1003.2(a). *See* 8 C.F.R. § 1003.2(a). ("The Board may at any time reopen or reconsider on its own motion any case in which it has rendered a decision.").

Plaintiffs contend that they are not challenging the BIA's discretionary powers. Instead, they claim to challenge the Board's alleged misreading of the law, upon which the Board made its decision. These allegations, however, do not meet their burden of establishing subject matter

---

[6] Accordingly, the Court does not reach the underlining merits of Plaintiffs' claims regarding the 1978 I-130 petition.

jurisdiction. The Court does not have jurisdiction to review the BIA's discretionary *sua sponte* authority. *Ali*, 448 F.3d at 518. Accordingly, Defendants' motion for partial dismissal of Plaintiffs' remaining 1978 I-130 claim is GRANTED.

### III.   USCIS's denial of Plaintiffs' I-485 Status Adjustment

Defendants move to dismiss for failure to state a claim Plaintiffs' challenge to USCIS's decision to deny their I-485 adjustment.[7] Under Fed. R. Civ. P 12(b)(6), Plaintiffs must allege "'enough facts to state a claim to relief that is plausible on its face.'" *Starr v. Sony BMG Music Entm't*, 592 F.3d 314, 321 (2d Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim to relief is facially plausible when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiffs claim USCIS denied their I-485 adjustment because it erroneously determined that their 1978 I-130 petition was not a qualifying petition. Compl. ¶¶ 20-21. Plaintiffs maintain that because their 2003 I-130 petition was accepted after the statutory deadline, they sought to rely on their 1978 I-130 petition as a qualifying petition instead. *Id.* Therefore, Plaintiffs seek to set aside USCIS's denial of their I-485 on the grounds that the 1978 I-130 petition was decided incorrectly and should be considered a qualifying petition. Even drawing all inferences in Plaintiffs' favor, Plaintiffs are unable to challenge the invalidity of their 1978 I-130 petition because they failed to make timely motions to reopen or reconsider with the BIA. Accordingly, Plaintiffs' complaint fails to state a facially plausible claim for relief.

Furthermore, Plaintiffs' complaint fails to discuss the primary reason USCIS denied their

---

[7] Plaintiffs moved to reopen or reconsider this denial with USCIS, but the motion was pending when Plaintiffs filed their complaint with the Court on July 18, 2013. Compl. ¶ 22. USCIS denied the motion to reopen or reconsider on August 15, 2013. USCIS 00001-02.

I-485 adjustment: Jerome Bailey, at the time of filing, was an unlawful resident in the United States. USCIS 00239 ("To date, the evidentiary record lacks any indication that [Jerome Bailey] ha[s] continuously maintained a lawful status since entering the United States on a B-2 tourist visa on July 27, 2002."). Adjustments under I-485 are expressly prohibited if the applicant has failed to maintain a lawful status. I.N.A. § 245(c). Plaintiffs did not allege any facts or evidence to rebut USCIS's determination that Jerome Bailey unlawfully resided in the United States.

Therefore, even if the Plaintiffs could establish that the BIA erroneously denied their 1978 I-130 petition, Jerome Bailey would still be ineligible for an I-485 adjustment because he failed to maintain a lawful status. Accordingly, Defendants' motion for partial dismissal of Plaintiffs' I-485 claim is GRANTED.

## IV.    Plaintiffs' alleged Due Process violation

Finally, Defendants move to dismiss for failure to state a claim Plaintiffs' claim that their due process rights were violated. In order to allege a due process claim, Plaintiffs must show: "(1) [Plaintiffs] possessed a constitutionally protected property interest, (2) the deprivation of which resulted from government action, (3) without constitutionally adequate pre- or post-deprivation procedures." *New York State National Organization for Women v. Pataki*, 261 F.3d 156, 163 (2d Cir. 2001).

Plaintiffs make a bare assertion that they were "entitled to a meaningful hearing before a deprivation of liberty occurs." Compl. ¶ 32. Such an assertion is insufficient to allege a facially plausible claim for relief because it fails to establish the existence of a constitutionally protected property interest. *See Azizi v. Thornburgh*, 908 F.2d 1130, 1134 (2d Cir. 1990) (ruling that the petitioners did not have an inherent property right in an immigrant visa).

Furthermore, Plaintiffs allege no facts from which the Court can reasonably infer what

type of "meaningful hearing" Plaintiffs were deprived of; it is not clear from the pleadings which application—the 1978 I-130 petition, the 2003 I-130 petition, or the I-485 adjustment—forms the basis of their due process claim. Plaintiffs' allegations, therefore, fail to state facts sufficient to support a facially plausible claim that their rights to due process were violated. Defendants' motion for partial dismissal of Plaintiffs' due process claim is GRANTED.

## CONCLUSION

Accordingly, the Court GRANTS Defendants' motion for partial summary judgment regarding the BIA's refusal to reopen or reconsider Plaintiffs' 1978 I-130 petition. The Court GRANTS Defendants' motion to dismiss Plaintiffs' remaining claims. The Clerk of the Court is directed to amend the caption as reflected in this order and to enter judgment and close this case.

Dated: New York, New York
      September 24, 2014

                            SO ORDERED

                            PAUL A. CROTTY
                            United States District Judge